# CHARLESTON.

The Bank of Weston v. W. W. Brannon *et al.*

Submitted November 13, 1917.   Decided November 20, 1917.

Justices of the Peace—*Appeal—Statute.*

> An appeal lies from the judgment of a justice of the peace, rendered under the authority of the provisions of §138 of ch. 50 of the Code, finding that one of two defendants is a surety for the other, and requiring the personal estate of the defendant so found to be the principal debtor to be exhausted before proceeding to the collection of such judgment from the property of the defendant so found to be surety.

Error to Circuit Court, Lewis County.

Action by the Bank of Weston against W. W. Brannon and W. C. Danser.   From a judgment of the circuit court, dismissing Danser's appeal from a judgment of a justice's court, on motion of his codefendant, Danser brings error.

*Reversed and remanded.*

*Herbert M. Blair,* for plaintiff in error.

*E. A. Brannon,* for defendant in error.

Ritz, Judge:

Plaintiff instituted before a justice of the peace an action against W. W. Brannon and W. C. Danser, joint makers of a note held by it, to recover the balance thereof remaining unpaid.   Upon the trial before the justice no denial was made

by either defendant of the plaintiff's right to recover, but each defendant claimed that he was simply a surety for his co-defendant, and under the provisions of §138 of ch. 50 of the Code, the justice, after hearing the evidence, determined that W. C. Danser was the principal debtor and W. W. Brannon his surety, and so noted in his docket. Danser thereupon applied for an appeal to the circuit court which was granted. To a judgment of the circuit court dismissing his appeal on motion of the defendant Brannon, Danser prosecutes this writ of error.

It is contended that the appeal was properly dismissed for two reasons: first, that it was not granted within ten days from the rendition of the judgment by the justice; and second, that no appeal lies from a judgment of a justice finding that one of two defendants is surety for the other under the provisions of §138 of ch. 50 of the Code.

The entry in the justice's docket showing the trial of the case and the rendition of judgment is headed, "January 31st 1916," and after reciting the trial of the case, and his finding that Danser is the principal debtor and Brannon his surety, and rendering judgment accordingly, as well as a judgment in favor of the plaintiff against both defendants, the entry concludes, "Given under my hand this first day of February, 1916. C. W. Talbott J. P." The appeal bond was presented on the 11th day of February, was on that day approved, and the appeal granted by the justice. It is contended that, in determining whether or not the application for the appeal was made in time, the date at the beginning of the entry must be considered as the date of the rendition of the judgment. We do not think this construction is warranted. Reading the whole entry in connection with the action of the justice in allowing the appeal on February 11th, we conclude that its true interpretation is that the justice began the trial on the 31st of January, but did not reach a conclusion and render judgment therein until February 1st. This is consistent with his certificate at the conclusion of the judgment entry above quoted, and with his action in granting an appeal on February 11th.

Each of the defendants contended that he was only a surety for his co-defendant. This question was presented to the justice for his judgment thereon under the provisions of §138 of ch. 50 of the Code, and he found in favor of the defendant Brannon. What is the effect of this finding? It was certainly entirely competent for the legislature to provide for the trial of an issue of this character by the justice in the manner that it has so provided. Surely it was the intention that the justices' judgment should have some effect. The fact that the controversy is between co-defendants will not deprive the justice's judgment of full force and effect to bind both of the parties. It is true the issue is informal, but so are all pleadings before a justice. We think the purpose of this statute was to settle in one suit all controversies that might arise between any of the parties to such an obligation as that referred to in the section, and that the judgment of the justice upon the controversy between co-defendants is as much a judgment subject to review by appeal, under the regulations prescribed by law, as any other judgment of a justice. Of course the appeal necessarily suspends the judgment below and brings the whole case to the circuit court to be tried *de novo* on the appeal. The appeal bond accepted by the justice is properly conditioned to fully protect the rights of all parties. The circuit court should have tried the case on the appeal before a jury instead of dismissing it.

We reverse the judgment and remand the cause for a trial thereof in the circuit court.

*Reversed and remanded.*